1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEEROY ELIJAH KRAUSE ,

                    Petitioner,

     v.

STATE OF WASHINGTON et al.,,

                   Respondent.

Case No. 3:22-cv-5143-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on petitioner's application to proceed *in forma pauperis* and proposed habeas petition filed under 28 U.S.C. § 2241. Dkt. 1, at 1. Petitioner is proceeding *pro se*, and the petition has not been served on respondents.

Under Rule 4 of the rules governing § 2254 cases, the Court must promptly examine a habeas corpus petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.[1]

It appears that the petition – on its face – is subject to dismissal. The Court will provide petitioner the opportunity, by May 6, 2022, to show cause why the federal habeas corpus petition should not be dismissed.

---

[1] All Rules Governing 28 U.S.C. § 2254 Cases apply to habeas petitions brought pursuant to § 2241. See, Rule 1(b), Rules Governing § 2254 Cases.

ORDER TO SHOW CAUSE - 1

FACTUAL BACKGROUND

Petitioner is a pretrial detainee. Dkt. 1-1 at 1. Petitioner alleges ineffective assistance of counsel in his pending criminal trial because defense counsel refuses to file certain motions. Dkt. 1-1 at 3. Petitioner indicates a belief that there are inconsistencies in the police reports and that there is an insufficient factual basis for the charges. *Id.*

The only example that petitioner provides is a statement that Miranda warnings were not given and that there is no knife to support the charges. *Id.* at 10. Petitioner also states that the Clark County Prosecuting Office is "vindictively pursuing a conviction on falsified charges while adding additional charges in an attempt to justify judicial misconduct while being knowing and knowledgeable of the inconsistencies in the police report(s)." *Id* at 3. The petition also states that the Court is biased because the Court is allowing the prosecution to proceed on falsified charges and will not allow petitioner to argue motions. *Id.*

The petition argues that the prosecution, defense counsel, and the court, have violated petitioner's due process and equal protection rights. Dkt. 1-1 at 3. Therefore, petitioner believes their right to a fair and impartial trial is being violated. *Id.* Petitioner requests that the Court dismiss the pending state criminal trial as well as sanction the prosecutor, defense counsel, and judge in the criminal trial. *Id.* at 10. Petitioner also requests monetary compensation. *Id.*

DISCUSSION

A prisoner may only use habeas corpus "when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier

release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). Additionally, when a prisoner seeks to challenge the very fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and citations omitted).

Federal courts must abstain from interfering in pending state criminal prosecutions absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). This applies when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)).

The Ninth Circuit has recognized that even if all the *Younger* factors are satisfied, a federal court will not invoke *Younger* if the petitioner can make a showing of bad faith, harassment, or some other extraordinary circumstances making abstention inappropriate. *Bean*, 986 F.3d at 1133; *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (acknowledging an irreparable harm exception to the Younger abstention doctrine when the danger of irreparable loss is great and immediate.); *see also, MacDonald v. Musick,* 425 F.2d 373, 377 (9th Cir. 1970) (Ninth Circuit reversed the

District Court and directed that a habeas corpus petition be granted under 28 U.S.C. § 2241 pre-trial, because petitioner's due process rights were violated by a deputy prosecutor's revival of a charge that was "[an] attempt. . .to hamper [petitioner] in asserting, by civil action, both state and federal civil rights".).

The Ninth Circuit has applied the irreparable harm exception to claims raised by pretrial detainees:

> (1) where a pretrial detainee presents "[a] colorable claim that a state prosecution [would] violate the Double Jeopardy Clause" *Dominguez v. Kernan*, 906 F.3d 906 F.3d 1127, 1131 n. 5 (9th Cir. 2018)

> (2) where a petitioner raises a due process challenge to their pretrial detention in the context of a state civil sexually violent predator proceeding. *Page*, 932 F.3d at 901-902.

> (3) where a petitioner raises a due process claim based on the forcible injection of antipsychotic medications during trial. *Bean*, 986 F.3d at 1135-36

The courts have refused to apply this exception to speedy trial claims because this right can be vindicated by the reversal of the improper conviction, while unlawful pretrial detention cannot be vindicated post-trial. *Bean*, 986 F.3d at 1134.

This action satisfies the factors for the Court to abstain from considering plaintiff's claims under the *Younger* doctrine. The petition indicates that there is currently a pending criminal proceeding which implicates an important state interest – enforcing and prosecuting state laws. Petitioner is represented by counsel in the state court proceeding. The requested relief would have the practical effect of enjoining the ongoing state judicial proceeding.

1    Accordingly, the Court must abstain from considering this action -- unless

2    petitioner can make a showing that extraordinary circumstances exist such that the

3    irreparable harm exception applies to this case.

4    Petitioner contends due process rights are being violated because of

5    inconsistencies in the police reports related to the alleged crime and because the

6    prosecution lacks sufficient factual evidence to support the charges. Petitioner alleges

7    that Miranda warnings were not given and that there is no knife supporting the charges.

8    The petition also argues that the prosecution, the defense counsel, and the judge are

9    working cooperatively to vindictively prosecute petitioner. Petitioner also states that the

10   judge in the criminal trial is biased against petitioner and is discriminating against

11   petitioner. Finally, petitioner alleges a forcefully-imposed injection was given while

12   petitioner was restrained in handcuffs.

13   Petitioner does not present a proffer of evidence sufficient to show that the judge

14   in petitioner's criminal trial is biased against petitioner. *See, Canatella v. State of*

15   *California,* 404 F.3d 1106, 1112 (9th Cir. 2005) (explaining that petitioners claiming bias

16   must offer actual evidence overcoming the "presumption of honesty and integrity in

17   those serving as adjudicators."). Petitioner's conclusory allegations -- that the

18   prosecution has insufficient facts to support the charges against plaintiff, that there are

19   inconsistencies in the police report and that his defense counsel will not pursue

20   plaintiff's suggested motions -- are insufficient, without further factual development, to

21   establish extraordinary circumstances or the risk of irreparable harm. *Younger*, 401 U.S.

22   at 46, 53-54 (cost, anxiety, and inconvenience of criminal defense is not the kind of

23   special circumstance or irreparable harm justifying federal intervention); *Canatella*, 404

24

25

ORDER TO SHOW CAUSE - 5

1    F.3d at 1112. Similarly, the petition does not provide further factual development or

2    explanation regarding petitioner's claim of being injected while handcuffed.

3            Petitioner has not established that the Court should consider this action under

4    the irreparable harm exception to the *Younger* doctrine.

5            It also appears that petitioner seeks to obtain injunctive and monetary relief as

6    remedies for allegations that may be related to assertions of civil rights violations or

7    tortious acts under state law alleged in this petition. Dkt. 1-1, at 10. The District Court's

8    habeas corpus jurisdiction is limited to a challenge to the legality of petitioner's custody

9    – and the remedy is limited to the fact or duration of confinement; therefore remedies

10   such as damages, or an injunction, are not available. *Preiser v. Rodriguez,* 411 U.S.

11   475, 499-500 (1973). The petitioner is required to remove those allegations of harm that

12   are not related to the fact of, or the duration of, his confinement -- and is required to

13   remove the requests for damages or injunctive relief -- if he decides to file an amended

14   habeas corpus petition. If petitioner wishes to pursue damages or injunctive relief as

15   remedies for alleged civil rights violations or state law torts, a different cause of action

16   might be appropriate, under 42 U.S.C. § 1983 or other federal or state laws. Those

17   remedies are not cognizable in a federal habeas corpus petition.

                                   CONCLUSION

19           Based on the foregoing, it appears that the Court should not consider this 28

20   U.S.C. § 2241 pretrial habeas corpus petition because each of the *Younger v. Harris*,

21   401 U.S. 37 (1971) factors are met. Additionally, petitioner has failed to provide factual

22   support that would allow the Court to conclude that even if all the factors in *Younger* are

23   met, the Court should nevertheless review the petition based on a showing of

ORDER TO SHOW CAUSE - 6

irreparable harm, bad faith, harassment, or other extraordinary circumstances. And, petitioner has included claims for damages and injunctive relief that are not cognizable in a 28 U.S.C. U.S.C. § 2241 petition for federal habeas corpus.

Therefore, it appears that the petition is subject to dismissal without prejudice. The Court orders petitioner to either: (1) file an amended petition correcting – if possible – the deficiencies identified herein, or (2) file a document to show cause in writing why this petition should not be dismissed, by **May 6, 2022**.

If petitioner fails -- to either file an amended petition, or to show cause in a document that describes why the existing petition should not be dismissed -- by May 6, 2022, the Court will recommend that this action be dismissed under the doctrine set forth in *Younger*.

The Clerk is directed to send petitioner the appropriate forms for filing a Section 2241 habeas petition.

Dated this 11th day of April, 2022.


*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 7