UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEEROY ELIJAH KRAUSE,

    Petitioner,

v.

STATE OF WASHINGTON et al.,,

    Respondents.

Case No. 3:22-cv-5143-TL-TLF

REPORT AND RECOMMENDATION

Noted for May 13, 2022

Petitioner, proceeding *pro se,* brought this federal habeas action pursuant to 28 U.S.C. § 2241. Dkt. 1. After reviewing the petition, the Court declined to serve the petition, but gave petitioner an opportunity to show cause why this case should not be dismissed. Dkt. 4. Petitioner filed a response to the Court's order. Dkt. 5. For the reasons discussed below, the Court should dismiss this petition.

## BACKGROUND

Petitioner is a pretrial detainee. Dkt. 1-1 at 1. Petitioner brought this petition alleging ineffective assistance of counsel in his pending criminal trial because defense counsel refused to file certain motions on petitioner's request. Dkt. 1-1 at 3. Petitioner indicates a belief that there are inconsistencies in the police reports and that there is an insufficient factual basis for the charges raised against petitioner. *Id.* The Court issued an Order explaining that, based on the allegations in the petition, it appeared the Court could not consider the petition under *Younger v. Harris*, 401 U.S. 37 (1971), Dkt. 4.  The

REPORT AND RECOMMENDATION - 1

1  Order also explained that petitioner could not pursue injunctive or monetary relief

2  through a federal habeas corpus petition. Dkt. 4. The Court directed petitioner to either

3  file an amended petition or show cause why the existing petition should not be

4  dismissed. Dkt. 4.

5       Petitioner filed a response to the Court's Order. Dkt. 5. The response alleges

6  new claims related to the investigation underlying petitioner's arrest and the subsequent

7  arrest. Dkt. 5. Petitioner claims that the police officers used excessive force when

8  arresting petitioner causing an injury to petitioner's head. Dkt. 5 at 1. Next, petitioner

9  alleges that when he was placed in the police vehicle the officers unnecessarily used

10  leg restraints and raised a false "mental health claim." Dkt. 5 at 1. Petitioner states that

11  the police dispatched respondent AMR to forcefully inject petitioner with a sedative

12  while petitioner was handcuffed and in a leg restraint. Dkt. 5 at 1-2.

13       The response also states that the police officers acted in bad faith during their

14  investigation and while preparing the police reports by falsely stating that petitioner had

15  a knife. Dkt. 5 at 2. Petitioner alleges that there are other inconsistencies or falsehoods

16  in the police reports associated with his arrest. Dkt. 5 at 3. Petitioner also states that he

17  was never provided with a Miranda warning during the arrest. Dkt. 5 at 3. Next,

18  petitioner claims that the officers were biased against petitioner and coerced witnesses

19  to provide false statements against petitioner. Dkt. 5 at 3.

20       The response also raises claims against the prosecutor in petitioner's trial,

21  petitioner's defense counsel and the judge presiding over petitioner's criminal trial. Dkt.

22  5 at 4-6. Petitioner alleges that his defense counsel has refused to investigate

23  petitioner's proposed defense and has refused to file motions at petitioner's request.

24

25

REPORT AND RECOMMENDATION - 2

Dkt. 5 at 4. Petitioner also alleges that the presiding judge in his criminal trial cut petitioner off and refused to allow petitioner to raise arguments on his own behalf. Dkt. 5 at 4. Next, petitioner claims that the prosecutor in his criminal trial is acting in bad faith by prosecuting charges that the prosecutor knows are unsupported by the evidence. Dkt. 5 at 5. Petitioner states that the prosecutor is pursuing these unsupported charges to cover-up the police misconduct during the underlying investigation and arrest. Dkt. 5 at 5. Petitioner contends that these constitutional violations cannot be cured by a fair trial or on appeal. Dkt. 5 at 6. In addition to habeas corpus relief, petitioner seeks monetary damages and request sanctions against the named respondents. Dkt. 5 at 7.

## DISCUSSION

### A. Claims for Monetary and Injunctive Relief

Petitioner's response to the Court's Order to Show Cause, raises claims for monetary damages and injunctive relief based on alleged police misconduct during his investigation and arrest. Dkt. 5. The Court should dismiss these claims because they are not cognizable in a federal habeas corpus petition.

A prisoner may only use habeas corpus "when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). Additionally, when a prisoner seeks to challenge the fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A civil rights action, in contrast, is the proper method of challenging conditions

REPORT AND RECOMMENDATION - 3

of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotations and citations omitted).

Petitioner alleges that the police officers failed to properly investigate the claims against petitioner, used excessive force while arresting petitioner, used unnecessary restraints against petitioner and unlawfully injected petitioner with sedatives during his arrest. Dkt. 5. These claims for damages are not cognizable in a federal habeas petition, because habeas petitions are limited to addressing claims concerning the fact or duration of a petitioner's confinement. *Presier*, 411 U.S. at 499-500. If petitioner wishes to pursue monetary damages or injunctive relief as remedies for alleged civil rights violations or state law torts, a different cause of action might be appropriate, under 42 U.S.C. § 1983 or other federal or state laws.

The Court should dismiss petitioner's claims for monetary and injunctive relief based on the alleged use of force during his arrest, because these claims are not cognizable in a federal habeas corpus petition.

B. Younger Doctrine

The Court should dismiss this petition under the doctrine set forth in *Younger v. Harris*.

Federal courts must abstain from interfering in pending state criminal prosecutions absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45 (1971). This applies when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial

proceeding. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)).

The Ninth Circuit has recognized that even if all the *Younger* factors are satisfied, a federal court will not invoke *Younger* if the petitioner can make a showing of bad faith, harassment, or some other extraordinary circumstances making abstention inappropriate. *Bean*, 986 F.3d at 1133; *Arevalo v. Hennessy*, 882 F.3d 763, 766-67 (9th Cir. 2018) (acknowledging an irreparable harm exception to the Younger abstention doctrine when the danger of irreparable loss is great and immediate.); *see also, MacDonald v. Musick,* 425 F.2d 373, 377 (9th Cir. 1970) (Ninth Circuit reversed the District Court and directed that a habeas corpus petition be granted under 28 U.S.C. § 2241 pre-trial, because petitioner's due process rights were violated by a deputy prosecutor's revival of a charge that was "[an] attempt. . .to hamper [petitioner] in asserting, by civil action, both state and federal civil rights".).

The Ninth Circuit has applied the irreparable harm exception to claims raised by pretrial detainees:

> (1) where a pretrial detainee presents "[a] colorable claim that a state prosecution [would] violate the Double Jeopardy Clause" *Dominguez v. Kernan*, 906 F.3d 906 F.3d 1127, 1131 n. 5 (9th Cir. 2018)
>
> (2) where a petitioner raises a due process challenge to their pretrial detention in the context of a state civil sexually violent predator proceeding. *Page*, 932 F.3d at 901-902.
>
> (3) where a petitioner raises a due process claim based on the forcible injection of antipsychotic medications during trial. *Bean*, 986 F.3d at 1135-36

REPORT AND RECOMMENDATION - 5

1  The courts have refused to apply this exception to speedy trial claims because this right

2  can be vindicated by the reversal of the improper conviction, while unlawful pretrial

3  detention cannot be vindicated post-trial. *Bean*, 986 F.3d at 1134.

4      This action satisfies the factors for the Court to abstain from considering

5  petitioner's claims under the *Younger* doctrine. The petition indicates that there is

6  currently a pending criminal proceeding which implicates an important state interest –

7  enforcing and prosecuting state laws. Petitioner is represented by counsel in the state

8  court proceeding. The requested relief would have the practical effect of enjoining the

9  ongoing state judicial proceeding.

10      Accordingly, the Court must abstain from considering this action -- unless

11  petitioner can make a showing that extraordinary circumstances exist such that the

12  irreparable harm exception applies to this case.

13      Petitioner alleges that: the police did not properly investigate the allegations

14  against petitioner, the police officers failed to provide petitioner a Miranda warning

15  during his arrest, police coerced witnesses to provide statements against petitioner and

16  there is insufficient evidence to support the charges against petitioner. Based on these

17  allegations, petitioner claims that his due process rights are being violated. These

18  allegations are insufficient to establish extraordinary circumstances or the risk of

19  irreparable harm. *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety, and inconvenience of

20  criminal defense is not the kind of special circumstance or irreparable harm justifying

21  federal intervention); *Canatella v. State of California*, 404 F.3d 1106, 1112 (9th Cir.

22  2005). Additionally, these allegations do not establish a risk of irreparable harm

23  because they can be addressed through cross-examination at trial or an appeal.

24

25

REPORT AND RECOMMENDATION - 6

1    Next, petitioner alleges that the judge in petitioner's criminal trial, the prosecutor
2  in the criminal trial and petitioner's defense counsel are biased against petitioner.
3  Petitioner has not presented a proffer of evidence sufficient to show that the judge is
4  biased against petitioner. *Canatella*, 404 F.3d at 1112 (explaining that petitioner's
5  claiming bias must offer actual evidence overcoming the "presumption of honesty and
6  integrity in those serving as adjudicators."). Further, petitioner's conclusory allegations --
7  that the prosecution has insufficient facts to support the charges against petitioner, that
8  there are inconsistencies in the police report and that his defense counsel will not
9  pursue petitioner's suggested motions -- are insufficient, without further factual
10 development, to establish extraordinary circumstances or the risk of irreparable harm.
11 *Younger*, 401 U.S. at 46, 53-54.

12   Finally, petitioner raises a claim alleging that he was injected while handcuffed.
13 Petitioner alleges that during his arrest the officers claimed petitioner was experiencing
14 mental health issues as an excuse to inject petitioner with a sedative. In *Bean v.*
15 *Matteucci*, 986 F.3d 1128 (9th Cir. 2021), the Ninth Circuit applied the irreparable harm
16 exception to the *Younger* doctrine when a petitioner raised a due process claims based
17 on the forcible injection of antipsychotic medication during trial. *Bean*, 986 F.3d at 1135-
18 36. In *Bean* the state court authorized the state to forcibly administer antipsychotic
19 medication to petitioner for the duration of the criminal trial to restore petitioner's
20 competency to stand trial. *Bean*, 986 F.3d at 1131.

21   Petitioner does not allege that he is currently being forcibly administered
22 medication to restore his competency for trial. Instead, petitioner alleges that the police
23 officers used excessive force by administering a sedative during petitioner's arrest.
24
25

REPORT AND RECOMMENDATION - 7

Claims for monetary damages based on alleged excessive use of force are not cognizable in a federal habeas petition. If petitioner wishes to pursue monetary damages or injunctive relief as remedies for alleged civil rights violations or state law torts, a different cause of action might be appropriate, under 42 U.S.C. § 1983 or other federal or state laws.

## CONCLUSION

Based on the foregoing, the Court should dismiss this 28 U.S.C. § 2241 pretrial habeas corpus petition because each of the *Younger v. Harris*, 401 U.S. 37 (1971) factors are met. Additionally, the Court should dismiss the petition because petitioner has failed to provide factual support regarding any extraordinary circumstances that might be an exception to the *Younger* doctrine. And, the Court should dismiss because petitioner has included claims for damages and injunctive relief that are not cognizable in a 28 U.S.C. U.S.C. § 2241 petition for federal habeas corpus.

A state prisoner or pretrial detainee who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) in order to challenge process issued by a state court. *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).

A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, petitioner is not entitled to a certificate of appealability. If petitioner believes the Court

1  should issue a certificate of appealability, he should set forth his reasons in his
2  objections to this Report and Recommendation.
3     The parties have **fourteen (14) days** from service of this Report and
4  Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule
5  of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in
6  a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140
7  (1985). Accommodating the above time limit, the Clerk shall set this matter for
8  consideration May 13, 2022, as noted in the caption.
9     Dated this 29th day of April, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge